IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KID SHELLEEN LLC d/b/a THE PAUL TUDOR JONES II FAMILY OFFICE, | : | |
| | : | Civil Action No. 3:23-cv-01311-OAW |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FORTESCUE FUTURE INDUSTRIES PTY LTD d/b/a FORTESCUE FUTURE INDUSTRIES NORTH AMERICA and USA FORTESCUE FUTURE INDUSTRIES, INC., | : | May 2, 2025 |
| | : | |
| Defendants. | : | |

### SECOND JOINT STATUS REPORT CONCERNING PLAINTIFF'S COMMUNICATIONS WITH SULLIVAN & CROMWELL

Plaintiff Kid Shelleen LLC and Defendants Fortescue Future Industries Pty Ltd and Fortescue Future Industries, Inc. respectfully submit this joint status report pursuant to the Court's April 28, 2025 Order (the "April 28 Order"). The April 28 Order directed the parties to continue their productive communications to define the *Scope of Services* provision in the unsigned consortium agreement by and between Plaintiff, Defendants, and Sullivan & Cromwell LLP (the "Agreement"), and to file a second Joint Status Report on or before May 2, 2025. As set forth below, the parties hereby advise the Court as follows[1]:

Plaintiff's Position:

The parties held a productive in-person meet and confer on April 28, 2025 (the "April 28 Meet and Confer") during which they continued to work toward a resolution of the remaining issues concerning the application and interpretation of the *Scope of Services* provision in the

---

[1] Pursuant to the April 28 Order, this Joint Status Report addresses only the parties' dispute concerning Plaintiff's communications with Sullivan & Cromwell LLP.

Agreement to Plaintiff's communications with Sullivan & Cromwell LLP. During the April 28 Meet and Confer, Plaintiff proposed additional narrowing of its privilege assertions with respect to twenty-six (26) documents that Defendants had specifically identified, and indicated that it needed final client approval regarding these modified positions before it could fully commit to them. On May 2, 2025, Plaintiff sent Defendants an email confirming its updated privilege assertions as to each of the twenty-six (26) documents Defendants had specifically identified. The updated privilege assertions that Plaintiff confirmed in its May 2, 2025 email to Defendants were even narrower than those that Plaintiff had communicated to Defendants during the April 28 Meet and Confer. Of the twenty-six (26) documents Defendants had specifically identified, Plaintiff agreed to fully withdraw its privilege claims as to twenty-one (21) such documents, producing them in full without redactions, and to narrow its privilege claims as to the remaining five (5) such documents, producing in redacted form documents that Plaintiff had previously withheld in full. Plaintiff has indicated that the information it has continued to redact from these five (5) documents concerns the solicitation and/or provision of legal advice on matters outside the Agreement's *Scope of Services* provision. Plaintiff transmitted its production of these documents to Defendants the evening of May 2, 2025.

Plaintiff also reaffirmed its willingness to perform additional review of documents and communications on its privilege log, including documents and communications that do not include "@sullcrom.com" in their to/from/cc/bcc fields but that nonetheless reflect or reference communications with Sullivan & Cromwell, provided that this additional review would only be undertaken with respect to documents and communications dated on or after May 25, 2022 (the date of the Agreement). This review is ongoing.

The parties did not discuss any intent to depart from the agreements the parties have previously reached during the course of meeting and conferring and corresponding on this issue, which are set forth in principle in the parties' April 25, 2025 Joint Status Report.

Defendants' Position:

Defendants agree that the parties had a productive in-person meet and confer. As noted in the last status report, based on comments by this Court at the hearing, and consistent with the comments in this Court's order, Defendants requested Plaintiff's position on approximately 26 communications between Sullivan & Cromwell and Plaintiff after May 25, 2022 that relate to Energy Harbor and/or the dispute between the parties, and therefore are within the Agreement's Scope of Services provision. More specifically, Defendants selected these documents based on the following criteria: all documents listed on Plaintiff's privilege log on or after May 25, 2022 that include "sullcrom.com" in the to/from/cc/bcc, and where the description of the privilege log description or the email subject had in any part and of the following terms: "Energy Harbor" or "FFI Litigation" or "MOU" or "consortium". For the avoidance of doubt, this includes but is not limited to the following privilege log entries on Plaintiff's revised privilege log: 328, 418, 423, 425, 468, 469, 480, 516, 517, 518, 519, 524, 532, 599, 613, 628, 744, 745, 747, 749, 752, 775, 776, 781, 782, and 883. This list, of course, was based on Plaintiff's brief descriptions on their privilege log regarding the subject matter of each of these communications, which have at times been inadvertently inaccurate, and therefore is likely not a complete rendering of the documents that should be produced—Defendants have and continue to reserve all rights in this regard. According to Plaintiff's privilege log descriptions (or subject lines), each of these communications is about the "Energy Harbor deal" or "FFI litigation." Defendants have also asked Plaintiff to review documents and communication from its privilege log that do not include "sullcrom.com"

on their to/from/cc/bcc, but reflect or contain conversations with Sullivan & Cromwell. At the parties' in-person meet and confer, Plaintiff verbally agreed to conduct this review. At the parties' meet and confer, Plaintiff also verbally agreed to review other entries on its privilege log from on or after May 25, 2022 to ensure that none of those communications have anything to do with the "Energy Harbor deal" or the "FFI litigation", as in the past, certain privilege log entries appear to have been inadvertently mislabeled, or in the event that the short privilege log descriptions do not contain the entirety of the subject matter contained in the documents.

Plaintiff states that these reviews are ongoing, which will be critical to ensuring that Defendants receive all of the documents to which they are entitled. Defendants have asked Plaintiff to stipulate to the fact that any communications withheld on the privilege log that post-date May 25, 2022 and that have Sullivan & Cromwell anywhere in the communication or reflect information or advice from Sullivan & Cromwell, have nothing to do with "Energy Harbor" or any adversarial posture between the parties.

During the parties' April 28, 2025 in-person meet and confer, Plaintiff provided its position on the originally identified 26 documents that were selected based only on privilege log descriptions. To ensure the parties are on the same page on the precise subject matters of the information that Plaintiff intends to redact, on April 30, 2025, and again on May 1, 2025, Defendants requested this information from Plaintiff. Plaintiff provided this information just before this joint status report was due. Plaintiff also indicated that it was intending to produce some of the 26 documents in their entirety, and some of the documents in redacted form, by May 2, 2025 (the date this status report is due). Plaintiff has confirmed in this status report that it will conduct the review described above of documents outside of the 26 documents that Defendants were able to identify based on the privilege log entries alone.

4

Defendants had hoped that if Plaintiff had provided this information well ahead of this status report, the parties could report an agreement, as least as to some subset of the 26 documents. Once the documents are produced, Defendants will review the documents and provide Plaintiff with its updated position on these issues. Therefore, to avoid premature motion practice on this issue, Defendants request one additional week to meet and confer with Plaintiff on this issue to determine if the parties come to an agreement. If the parties are unable to come to an agreement on this issue, Defendants intend to renew their motion to compel on this issue.

Dated: May 2, 2025

| **THE PLAINTIFF** | **DEFENDANTS** |
|---|---|
| KID SHELLEEN LLC | FORTESCUE FUTURE INDUSTRIES PTY LTD |
|  | USA FORTESCUE FUTURE INDUSTRIES, INC. |
| */s/ Thomas J. Gallagher IV* | */s/ Anil R. Makhijani* |
| Thomas J. Gallagher IV (admitted *pro hac vice*) | James T. (Tim) Shearin (ct01326) |
| gallaghert@ballardspahr.com | PULLMAN & COMEY LLC |
| Lesley Frieder Wolf (admitted *pro hac vice*) | 850 Main Street |
| wolfl@ballardspahr.com | P.O. Box 7006 |
| Kelly M. McGlynn (admitted *pro hac vice*) | Bridgeport, CT 06601 |
| mcglynnk@ballardspahr.com | Telephone: (203) 330-2240 |
| Ballard Spahr LLP | Facsimile: (203) 576-8888 |
| 1735 Market Street, 51st Floor | Email: jtshearin@pullcom.com |
| Philadelphia, PA 19103-7599 |  |
| Telephone: (215) 665-8500 | Karl Stern (phv208021) |
| Fax: (215) 864-8999 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|  | 700 Louisiana St., Suite 3900 |
| James V. Masella, III (phv207582) | Houston, TX 77002 |
| masellaj@ballardspahr.com | Telephone: (713) 221-7000 |
| Ballard Spahr LLP | Facsimile: (713) 221-7100 |
| 1675 Broadway Ave, 19th Fl | Email: karlstern@quinnemanuel.com |
| New York, NY 10019 |  |
| 51 Madison Avenue, 22nd Floor | Elinor C. Sutton (phv207633) |
|  | Anil R. Makhijani (phv207633) |
| David T. Grudberg (CT01186) | QUINN EMANUEL URQUHART & |
| dgrudberg@carmodylaw.com |  |

5

| | |
|---|---|
| Carmody Torrance Sandak & Hennessey, LLP<br>195 Church Street<br>P.O. Box 1950<br>New Haven, CT 06509<br>Telephone: (203) 777-5501<br>Fax: (203) 784-3199 | SULLIVAN, LLP<br>295 5th Avenue<br>New York, NY 10016<br>New York, New York 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br>Email: elinorsutton@quinnemanuel.com<br>Email: anilmakhijani@quinnemanuel.com |

## **CERTIFICATE OF SERVICE**

I, Thomas J. Gallagher IV, hereby certify that, on May 2, 2025, I caused a copy of the foregoing Joint Status Report to be filed electronically. Notice of this filing will be sent by email to all counsel of record by operation of the Court's electronic filing system.

*/s/ Thomas J. Gallagher IV*
Thomas J. Gallagher IV